FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 NOV -9  PM 3: 56

LORETTA G. WHYTE
         CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM S. ABRAMS, II, and<br>ABRAMS GROUP CONSTRUCTION, LLC<br><br>versus<br><br>INTEGRATED PRO SERVICES, LLC f/k/a<br>PRO TREE SERVICES AND DEMOLITION LLC<br>RYAN L. HESS, JOHN HESS, and GARY L. HESS | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION NO.<br><br>07-8426<br>SECTION:<br><br>MAG. 1<br>SECT: B |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come William S. Abrams, II and Abrams Group Construction, LLC, who bring this Complaint against Integrated Pro Services, LLC f/k/a Pro Tree Services and Demolition, LLC, Ryan L. Hess, John Hess and Gary Hess, and hereby aver as follows:

### PARTIES

1.    **WILLIAM S. ABRAMS, II** (hereinafter referred to as "Abrams") is a person of full age of majority, and resident of and domiciled in the State of Florida.

2.    **ABRAMS GROUP CONSTRUCTION, LLC** (hereinafter referred to as "Abrams Group") is a limited liability company organized under the laws of the State of Florida with its principal place of business located at 3210 Saint Andrews Drive, Pace, Florida 32571.

1

3. Defendant, **INTEGRATED PRO SERVICES, LLC f/k/a PRO TREE SERVICES AND DEMOLITION, LLC** (hereinafter referred to as "Integrated") is a limited liability company organized in the State of Louisiana, with its principal place of business located at 261 Buccaneer Road, Belle Chasse, Louisiana, in Plaquemines Parish.

4. Defendant, **RYAN L. HESS,** is a person of full age of majority who resides in and is domiciled in Plaquemines Parish, State of Louisiana.

5. Defendant, **JOHN HESS,** is a person of full age of majority who resides in and is domiciled in Plaquemines Parish, State of Louisiana.

6. Defendant, **GARY L. HESS**, is a person of full age of majority who resides in and is domiciled in Plaquemines Parish, State of Louisiana.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has supplemental jurisdiction over any remaining common law and state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims of Abrams and Abrams Group claims occurred within the boundaries of the Eastern District of Louisiana.

## FACTUAL ALLEGATIONS

10.     During September and October of 2005, Abrams, joined Integrated Pro Services, LLC f/k/a Pro Tree Services and Demolition, LLC along with existing members, Gary Hess and Ryan Hess.

11.     At that time, Abrams and Abrams Group contributed equipment to Integrated valued at approximately $300,000.00.

12.     The three members of Pro Tree Services and Demolition, LLC, Abrams, Gary Hess and Ryan Hess each owned 33.33 percent of the entity.

13.     Thomas Means later became a one percent owner of Integrated.

14.     Abrams and Abrams Group purchased equipment for the benefit of Integrated and such equipment is still in the possession, custody and control of Integrated to date.

15.     Abrams was dealt with, in all respects, as an equal partner with Ryan Hess and Gary Hess, including but not limited to being listed as "owner" on credit application forms; being listed as "owner" on advertising and promotional materials distributed throughout the area; signing as an owner on insurance applications for Integrated; signing as an owner on general indemnity agreement(s) for Integrated.

16.     Abrams was a signatory on Integrated's credit line, bank accounts and equipment loans.

17.     From the time of his joining Integrated in 2005 to the time of his departure, Abrams received dividends, salary and distribution in the same manner as the other equal owners (Gary and Ryan Hess).

18. At all relevant times, Abrams participated equally in all management and business decisions, including the solicitation, negotiation and execution of contracts and sub-contracts on behalf of Integrated.

19. In June of 2007, ownership percentages in Integrated changed as a result of John Hess joining as a member.

20. At this time, during June of 2007, Abrams left Integrated.

21. Since June of 2007, Abrams has not been compensated by Integrated in the form of salary, return of capital contribution, or dividends despite amicable demand.

22. Defendants wrongfully induced Abrams and Abrams Group to invest time, capital, expertise and contacts into Integrated with no intention of ever fully compensating Abrams and Abrams Group.

23. Abrams and Abrams Group contend that defendants breached their fiduciary duties and contractual agreements and obligations owed to Abrams and Abrams Group, resulting in pecuniary damages and non-pecuniary damages to Abrams and Abrams Group.

24. As a result of the foregoing actions, defendants have breached their duties of good faith and fair dealing owed to Abrams and Abrams Group.

25. Abrams and Abrams Group specifically reserve the right to amend this Complaint.

**WHEREFORE,** Abrams and Abrams Group pray that the defendants be required to answer this complaint after all legal delays have run, all in accordance with law; and that after due proceedings are had, there be judgment rendered herein in favor of Abrams and Abrams Group against defendants as follows:

a. That judgment be entered in favor of William S. Abrams, II and Abrams Group Construction LLC, and against Integrated Pro Services, LLC f/k/a Pro Tree Services and Demolition, LLC, Ryan L. Hess and Gary L. Hess;

b. That the Court adjudge and decree that defendants have engaged in the unlawful conduct alleged herein;

c That Abrams and Abrams Group be awarded all damages they are entitled by virtue of Defendants' breach of contract; and

d. That Abrams and Abrams Group be awarded all other general, legal, and equitable relief as this Honorable Court may deem appropriate.

Respectfully Submitted,

**BERRIGAN, LITCHFIELD, SCHONEKAS, MANN, TRAINA & BOLNER, LLC**

**E. JOHN LITCHFIELD, T.A. (#8622)**
**CAREY B. DASTE (#28330)**
201 St. Charles Avenue, Suite 4204
New Orleans, Louisiana 70170
Telephone: (504) 568-0541
Fax: (504) 561-8655
jlitchfield@berriganlaw.net
cdaste@berriganlaw.net

and

**ARTHUR J. LENTINI (8520)**
ARTHUR J. LENTINI, APLC
6620 Riverside Drive, Suite 312
Metairie, Louisiana 70003
Telephone: (504)780-8700
Fax: (504) 780-8770
artlent@hotmail.com