UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM S. ABRAMS, II, AND<br>ABRAMS GROUP CONSTRUCTION, LLC<br><br>VERSUS<br><br>INTEGRATED PRO SERVICES, LLC f/k/a<br>PRO TREE SERVICES AND DEMOLITION,<br>LLC, RYAN L. HESS, JOHN HESS, AND<br>GARY L. HESS | CIVIL ACTION NO:  07-8426<br><br><br>SECTION: B<br><br><br>MAGISTRATE: 1 |

**NOW INTO COURT,** through undersigned counsel, comes Integrated Pro Services, LLC f/k/a Pro Tree Services and Demolition, LLC, Ryan L. Hess, John Hess, and Gary L. Hess ("Defendants") who offer their defenses and answers to the complaint of William S. Abrams, II (hereafter referred to simply as William S. Abrams) and Abrams Group Construction, LLC in the above captioned matter.  Additionally, Defendants aver their compulsory counter claims arising out of the same occurrence.

## RULE 8(C) AFFIRMATIVE DEFENSES:

1.   Defendants aver prematurity of Plaintiffs' claims on the basis of mandatory mediation and arbitration clauses within the Parties' October 1, 2005 operating agreement.

1

2. Defendants aver accord and satisfaction of some or all of the obligations claimed owed to Plaintiffs in their complaint. Defendants aver that Plaintiffs are estopped from demanding obligations claimed herein because of William Abram's voluntary departure from Pro Tree Services and Demolition, LLC and/or breaches of his fiduciary duties owed the Pro Tree Services and Demolition, LLC limits any amounts owed him.

3. Defendants aver that there has been a failure of consideration among the Parties because Plaintiffs failed to fulfill their obligations owed to Pro Tree Services and Demolition, LLC. Therefore, Plaintiffs are owed nothing.

4. Defendants aver fraud and breach of fiduciary duty owed Pro Tree Services and Demolition, LLC because William Abrams misappropriated funds owed Defendants for his own personal use without disclosure or approval by Defendants. These include unauthorized usage of the "company credit cards" and providing insurance to his personal vehicles/equipment at significant company expense.

5. Defendants aver payment of obligations claimed owed to Plaintiffs. Alternatively, Defendants aver "set offs." Plaintiffs are responsible for upcoming tax liabilities in addition to other financial obligations that offset any funds owed them by Defendants.

6. Defendants aver that Plaintiff has waived his right to claim some of the damages averred herein because he voluntarily left the LLC in a manner where his recovery is limited by the "operating agreement."

## RULE 12(B) DEFENSES & OBJECTIONS:

1. Defendants respectfully aver that this court lacks subject matter jurisdiction and/or personal jurisdiction over defendants on the basis of prematurity of the Complaint. Defendants aver that the Parties entered into an "operating agreement" on October 1, 2005 that stipulates mandatory mediation and arbitration to resolve the issues answered herein.

## ANSWER:

1. The allegations in paragraph 1 are admitted.

2. The allegations in paragraph 2 are admitted.

3. The allegations in paragraph 3 are admitted.

4. The allegations of paragraph 4 are admitted

5. The allegations of paragraph 5 are admitted

6. The allegations of paragraph 6 are admitted

7. The allegations in paragraph 7 are denied because of Defendants' affirmative defenses of mandatory arbitration.

8. The allegations in paragraph 8 are denied because of Defendants' affirmative defenses of mandatory arbitration.

9. The allegations in paragraph 9 are denied because of Defendants' affirmative defenses of mandatory arbitration.

10. The allegations in paragraph 10 are denied as the timing of the transaction noted in the Complaint is ambiguous.

11. The allegations in paragraph 11 are denied

12. The allegations in paragraph 12 are denied because they are ambiguous. Plaintiffs have failed to indicate a timeframe when this statement applies.

13. The allegations in paragraph 13 are admitted.

14. The allegations in paragraph 14 are denied.

15. The allegations in paragraph 15 are overly broad and are therefore denied.

16. The allegations in paragraph 16 are overly broad and are therefore denied.

17. The allegations in paragraph 17 are overly broad and are therefore denied.

18. The allegations in paragraph 18 are denied.

19. The allegations in paragraph 19 are admitted.

20. The allegations in paragraph 20 are admitted to the extent that Abrams voluntarily left Pro Tree Services and Demolition, LLC. However, the date of his departure is denied as Defendants aver that it was before June of 2007.

21. The allegations in paragraph 21 are denied.

22. The allegations in paragraph 22 are denied.

23. The allegations in paragraph 23 are denied.

24. The allegations in paragraph 24 are denied.

25. The allegations in paragraph 25 are a legal conclusion that does not require an answer. To the extent the allegations require an answer, they are denied.

**FURTHERMORE**, out of an abundance of caution, Defendants answer that any matter not specifically admitted or denied herein, is deemed denied.

## RULE 13(A) COMPULSORY COUNTER CLAIMS

### COMPLAINT

1. Defendants further aver that Plaintiffs are liable to Defendants for damages resulting from bad faith and self dealing while William S. Abrams was a member of Pro Tree Services and Demolition, LLC.

### PARTIES

2. Defendants adopt the same enumeration of the Parties as is put forth by the Plaintiffs' petition.

### JURISDICTION AND VENUE

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the counter claims averred herein as they arise the same event or connected series of events and occurrences.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391

### FACTUAL ALLEGATIONS

5. In October of 2005, William S. Abrams entered into an "Operating Agreement For Pro Tree Services and Demolition, LLC" whereby he became a member of the LLC.

6. As a matter of law, William S. Abrams owed fiduciary duties of good faith and fair dealing to Pro Tree Services and Demolition, LLC while he was a member.

7. Defendants aver that William S. Abrams breached his fiduciary duties by utilizing company funds and credit cards for his own personal expenses without notifying the other members of Pro Tree Services and Demolition, LLC. These funds were never repaid to Defendants.

8. Defendants aver that William S. Abrams breached his fiduciary duties by insuring his own personal vehicles and equipment at the expense of Pro Tree Services and Demolition, LLC without notifying its other members. These funds were never repaid to Defendants.

9. Defendants aver that William S. Abrams breached his obligations of fair dealing. Defendants aver that they invested in William S. Abram's "contractor's license" with the agreement among the Parties that William S. Abrams would obtain the license in the name of Pro Tree Services and Demolition, LLC and for the purpose of business expansion in Florida. William S. Abrams breached this agreement by obtaining the license in the name of Abrams Group Construction, LLC. William S. Abrams then sought his own business opportunities while still a member of Pro Tree Services and Demolition, LLC and at the opportunity cost of Defendants.

10. Defendants aver that Plaintiffs continue to possess capital equipment and vehicles in Florida that belong to Defendants and have not been properly returned to defendants.

11. Defendants further aver that William S. Abrams owes Defendants his portion of tax liability which was accrued while he was a member of Pro Tree Services and Demolition, LLC in addition to any other debt obligations yet to be determined.

12. Due to the aforementioned and other presently unknown misappropriations of funds and outstanding debts owed Defendants by William S. Abrams, Defendants aver that William S. Abrams owes Defendants damages for including reimbursement, penalties, compensation for lost business opportunities and opportunity costs, including consequential damages where applicable, payment of debts, and potentially

6

attorney's fees if the Court deems any activities by William S. Abrams to meet the standard of fraud.

## JURY DEMAND

Defendants respectfully request all questions of fact related to the matters answered herein and all counter claims herein be heard before a jury.

**THEREFORE**, Defendants pray for all relief which is necessary and proper both in law and in equity as this honorable Court deems appropriate.

        Respectfully submitted,
        **PROVOSTY & GANKENDORFF, L.L.C.**

    By:  _s/BRIAN L. RADCLIFFE/_____
        **HENRY S. PROVOSTY** (Bar No. 2056)
        hprovosty@provostylaw.com
        **BRIAN L. RADCLIFFE** (Bar No. 30682)
        bradcliffe@provostylaw.com
        650 Poydras Street, Suite 2700,
        New Orleans, Louisiana 70130
        Telephone: 504-410-2795
        Facsimile: 504-410-2796

        *Attorneys for Integrated Pro Services, LLC f/k/a Pro Tree Services and Demolition, LLC, Ryan L. Hess, John Hess, and Gary L. Hess*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 11th day of January 2008, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Plaintiffs' counsel of record by operation of the court's electronic filing system.  I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage prepaid.

        _s/BRIAN L. RADCLIFFE/_____