UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM S. ABRAMS, II, AND<br>ABRAMS GROUP CONSTRUCTION, LLC | CIVIL ACTION NO:  07-8426 |
| VERSUS | |
| INTEGRATED PRO SERVICES, LLC f/k/a<br>PRO TREE SERVICES AND DEMOLITION,<br>LLC, RYAN L. HESS, JOHN HESS, AND<br>GARY L. HESS | SECTION:  B<br><br>MAGISTRATE: 1 |

### FIRST AMENDED COUNTERCLAIM

**NOW INTO COURT**, through undersigned counsel, come Counterclaimants, Integrated Pro Services, LLC f/k/a Pro Tree Services and Demolition, LLC, Ryan L. Hess, John Hess, and Gary L. Hess (hereinafter "Counterclaimants"), who move to amend their Counterclaims filed herein to *add* the following counterclaims to the counterclaims already brought as against the Plaintiffs:

1.

On or about November 9, 2007, Plaintiffs filed suit against Counterclaimants in the matter herein.

2.

Since that time, Plaintiffs have had a legal obligation to retain, maintain and provide to Counterclaimants all evidence to be used at trial in the matter herein.

3.

Upon information and belief, Plaintiffs herein have spoliated evidence, via the intentional destruction, amendment or change to certain documentary financial evidence which was completely in the care and control of said Plaintiffs.

4.

Plaintiffs have since, via the discovery process, provided Counterclaimants with evidence which has been so changed, amended and/or destroyed that Counterclaimants herein are damaged in their defense of the claims brought by the Plaintiffs against them and are also damaged in the prosecution of their underlying counterclaims against the Plaintiffs by the loss of such evidence.

5.

In addition, Plaintiffs have negligently impaired Counterclaimants' ability to prosecute their underlying counterclaims via their destruction, change and/or amendment of said trial evidence.

6.

Further, Plaintiffs have intentionally and tortiously interfered with Counterclaimants' contracts with Escambia County, in particular, with a debris removal contract that was to be awarded to Counterclaimants in June 2007.  As the result of such tortious interference, said contract was not awarded to Counterclaimants.  As a further result of said tortious interference, Counterclaimants are entitled to lost profits.

7.

William S. Abrams, II and Abrams Group Construction, LLC (hereinafter "the Plaintiffs") are liable to the Counterclaimants for all damages incurred by Counterclaimants resulting from the Plaintiffs' actions and/or inactions, including but not limited to, any and all breaches of their duties to Counterclaimants, which duties arise under, *inter alia,* Louisiana tort and/or contract law, and the breach of which duties gave rise to the damages incurred by Counterclaimants.

8.

In particular, Plaintiffs violated and/or breached their respective duties to the Counterclaimants, including but not limited to, the duties required under contract and tort law by:

a) Acting in bad faith and self-dealing while William S. Abrams was a member of Pro Tree Services and Demolition, L.L.C.;

b) Breaching fiduciary duties owed to the Counterclaimants by utilizing company funds and credit cards for personal use and expenses without notifying the other members of Pro Tree Services and Demolition, L.L.C.;

c) Failing to repay such company funds used for the above personal use and expenses;

d) Breaching fiduciary duties owed to the Counterclaimants by insuring personal vehicles and equipment at the expense of Pro Tree Services and Demolition, LLC without notifying its other members;

e) Failing to repay such company funds used for the above insurance purposes;

    f)        Breaching obligations of fair dealing owed to the Counterclaimants by obtaining a contractor's license under false pretenses that he would obtain same under the name of Pro Tree Services and Demolition, LLC for the purposes of expanding such business into Florida, and then using the falsely-obtained license (which was obtained in the name of Abrams Group Construction, LLC, contrary to the agreement) to seek his own business opportunities while still a member of Pro Tree Services and Demolition LLC and at the opportunity cost of Counterclaimants;

    g)        Continuing to possess capital equipment and vehicles in Florida that belong to Counterclaimants and have not been properly returned to Counterclaimants;

    h)        Failing to pay William S. Abrams' portion of tax liability which was accrued while he was a member of Pro Tree Services and Demolition, LLC, in addition to any other debt obligations yet to be determined;

    i)        Failing to properly maintain, retain and provide to the Counterclaimants evidence to be used at trial in this matter;

    j)        Intentionally destroying, amending or changing evidence to be used at trial in this matter before the production of same to Counterclaimants and while Plaintiffs were under a legal obligation to maintain and/or retain same;

    k)        Tortiously interfering with Counterclaimants' debris removal contract with Escambia County, entered into in June 2007; and/or

    l)        any other improper actions or inactions implicit in the incident.

**WHEREFORE**, Counterclaimants Integrated Pro Services, LLC f/k/a Pro Tree Services and Demolition, LLC, Ryan L. Hess, John Hess, and Gary L. Hess pray:

1. that Counterclaimants be granted leave to file this Amended Counterclaim;

2. that after due proceedings be had, there be judgment rendered herein in favor of Counterclaimants Integrated Pro Services, LLC f/k/a Pro Tree Services and Demolition, LLC, Ryan L. Hess, John Hess, and Gary L. Hess, and against the Plaintiffs William S. Abrams II and Abrams Group Construction, L.L.C. in a reasonable amount set by this Honorable Court as sufficient to compensate Counterclaimants for the damages they sustained, together with legal interest from the date of judicial demand until paid;

3. for all costs of the proceedings and all general and equitable relief; and

4. that Counterclaimants' right to file amending and supplemental pleadings be reserved.

                                      Respectfully submitted,

By:   **s/Henry S. Provosty**
       **PROVOSTY & GANKENDORFF, L.L.C.**
       **HENRY S. PROVOSTY** (Bar No. 2056)
       hprovosty@provostylaw.com
       650 Poydras Street, Suite 2700,
       New Orleans, Louisiana 70130
       Telephone: 504-410-2795
       Facsimile: 504-410-2796

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st of January 2010, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the plaintiffs' counsel and that the document is available for viewing and downloading from the ECF System. I further certify that I mailed and/or faxed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants.

*s/ Henry S. Provosty*