UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM S. ABRAMS, II, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-8426-ILRL** |
| **INTEGRATED PRO SERVICES, LLC, et al** | |

### ORDER

DEFENDANT'S MOTION TO COMPEL (Rec. doc. 93)

**DENIED**

In response to the motion of the defendants, Integrated Pro Services, LLC f/k/a Pro Tree Services and Demolition, LLC, Ryan L. Hess, John Hess, and Gary L. Hess, to compel discovery, the plaintiffs, William S. Abrams, II and Abrams Group Construction, LLC, contend that the motion should be denied because the case is administratively closed. The background is pertinent.

On November 9, 2007, the plaintiffs filed their complaint for breach of contract and fiduciary duties. Rec. doc. 1. The defendants filed an answer and counterclaim. Rec. doc. 4. The discovery deadline was December 21, 2009; the pretrial conference was set for January 21, 2010; and the trial was set for February 1, 2010. Rec. doc. 29. On January 20, 2010, the defendants filed an opposed motion to continue the trial. Rec. doc. 55. They urged that recently discovered information required additional discovery and amendment of their cross-claims. Id. at 5. The plaintiffs opposed the motion to continue. Rec. doc. 57. The defendants were allowed to amend their counterclaim to allege new evidence of "double dealing," and they were permitted to produce the allegedly new discovery evidence at the February 1, 2010 trial and take depositions of the plaintiffs so long as they

were completed prior to the trial. Rec. docs. 59 and 69. The first amended counterclaim was filed on January 27, 2010. Rec. doc. 80.

On January 27, 2010, the parties suggested that the case be resolved by having the Court appoint an expert to determine the issue of quantum. The Court required a binding agreement before continuing the February 1, 2010 trial. Rec. doc. 82. The parties agreed that: (1) Douglas Tymkiw of Ernst & Young would be appointed to serve as an impartial joint expert to conduct an evaluation of their claims; (2) they would cooperate with him and "provide any and all documentation requested for the preparation of his report/evaluation"; and (3) his recommendation would be binding on them. Rec. doc. 83 at 2-3.

The trial was continued. The action was administratively closed. The parties were ordered to "proceed with submission of materials to the Court-appointed expert." Rec. doc. 84. On February 3, 2010, they were ordered to contact Mr. Tymkiw, arrange financial terms and "exchange of documents, etc." Rec. doc. 85. They were granted sixty days to reopen the case for purpose of a final judgment. Rec doc. 84. This deadline was extended on April 6, 2010 and June 7, 2010. Rec. docs. 90 and 92.

The defendants contend that: (1) written discovery was served on plaintiffs prior to the December 21, 2009 discovery deadline; (2) the plaintiffs responded on November 3, 2009 and December 8, 2009 (Rec. doc. 93-Exhibits A and B); (3) the plaintiffs did not produce the documents sought through discovery; (4) on April 21, 2010, the defendants requested the documents but they were not produced; (5) the documents are discoverable and necessary for Mr. Tymkiw to properly evaluate the claims; and (6) the administrative closure of the case does not prevent them from pursuing this discovery.

In the circumstances of this action, the defendants are not entitled to pursue discovery. The scheduling order provided that "all discovery shall be completed no later than December 21, 2009." Rec. doc. 29. This was the deadline for completion of discovery; it was not the deadline for the initiation of discovery. The plaintiffs served discovery responses on November 3 and December 8, 2009 which defendants contend are deficient. The defendants have not demonstrated that they were unable to file a motion to compel before the December 21, 2010 deadline or seek an extension. The defendants' request for a continuance of the trial was denied. They were permitted to take depositions before the trial. They were not permitted to engage in further document discovery. Rec. docs. 59 and 69. When the case was administratively closed, the Court made provision for the exchange of documents for Mr. Tymkiw. Rec. doc 85. It is not reasonable to infer from this provision that the Court intended for the parties to engage in further document discovery. Finally, there is no request from Mr. Tymkiw for additional documents.

IT IS ORDERED that the defendants' motion to compel (Rec. doc. 93) is DENIED.

New Orleans, Louisiana, this 28th day of July, 2010.

**SALLY SHUSHAN**
**United States Magistrate Judge**