UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WILLIAM S. ABRAMS, II, and** | * | **CIVIL ACTION NO. 07-8426** |
| **ABRAMS GROUP CONSTRUCTION, LLC** | * | |
| | * | |
| **versus** | * | **SECTION:  B** |
| | * | |
| **INTEGRATED PRO SERVICES, LLC f/k/a** | * | |
| **PRO TREE SERVICES AND DEMOLITION LLC** | * | **MAGISTRATE:  1** |
| **RYAN L. HESS, JOHN HESS, and GARY L. HESS** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>**MEMORANDUM IN SUPPORT OF MOTION TO SEVER CLAIMS AGAINST RYAN L. HESS PURSUANT TO FED. R. CIV. P. 42(B)**</u>

**MAY IT PLEASE THE COURT:**

William S. Abrams, II and Abrams Group Construction, LLC (hereinafter referred to as "Abrams"), respectfully assert that the claims against defendant and bankruptcy debtor, Ryan L. Hess, be severed from these proceedings to allow this matter to continue against all non-bankrupt co-defendants.

On September 14, 2015, this Honorable Court issued an order [Doc. 114] directing the parties to brief the following issue:

> Whether severance, pursuant to Fed. R. Civ. P. 42(b), is appropriate in this matter as applied to the claims asserted against defendant and bankruptcy debtor, Ryan L. Hess, and his interest in Integrated Pro Services, LLC.

1

Based upon the jurisprudence analyzing this issue, Abrams avers that severance of the claims against Ryan L. Hess is appropriate.

Rule 42(b) of the Federal Rules of Civil Procedure provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." *Fed. Rule Civil Procedure* 42(b); *Fed. Nat. Mortgage Ass'n v. Olympia Mortgage Corp.*, 954 F. Supp. 2d 165, 168 (E.D.N.Y. 2013), appeal withdrawn (Jan. 22, 2014), appeal withdrawn (Jan. 22, 2014). Whether or not to sever a claim is within the broad discretion of this Court. *Fed. Nat. Mortgage Ass'n*, 954 F. Supp. At 168.

In deciding whether severance of claims for separate trials is appropriate, courts have considered the similarity or difference between the issues sought to be tried separately, the necessity of different witness testimony or other evidence, and prejudice both to the party requesting severance if it is not granted, and to the party opposed to the severance if it is. *Id*; citing, *Cashman v. Montefiore Medical Center*, 191 B.R. 558, 560-61 (S.D.N.Y.1996).

A stay of proceedings against co-defendants is not mandated by 11 U.S.C. § 362(a), which merely provides for the automatic stay of any judicial "proceeding against the debtor. Section 362(a)(1); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983). The clear language of Section 362(a)(1) thus extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to nonbankrupt co-defendants. *Martin v. David*, 95-1411 (La. App. 3 Cir. 12/7/95), 666 So. 2d 1136, 1137.

In the instant case, the automatic stay currently in place pursuant to 11 U.S.C. § 362(a) relates only to a single defendant, Ryan L. Hess. As the jurisprudence suggests above, the nonbankrupt co-defendants are not entitled to this protection.

Mr. Abrams has expelled significant time and resources to bring this matter to resolution, and to delay the prosecution of his claims any further would cause significant undue prejudice. Mr. Abrams willing agreed, *as did defendants,* to a court-appointed expert to remove the need to litigate certain issues between the parties. The report issued by this expert, Douglas R. Tymkiw, a CPA with Ernst & Young LLP, is the product of countless hours with both plaintiffs and defendants to reach a value of Mr. Abrams interest. All parties received drafts of the report prior to its finalization and submission to this court, and have signed off on its use for this case. The case is ready to be resolved.

A complete stay of these proceedings will cause significant undue prejudice against Abrams. Rule 42(b) allows for this prejudice to be limited providing for severance of claims against bankruptcy debtors and having cases proceed against remaining non-bankrupt co-defendants.

**WHEREFORE,** Plaintiffs, Williams S. Abrams, II and Abrams Group Construction, LLC respectfully request that this Honorable Court grant its Motion to Sever Claims Against Ryan L. Hess Pursuant to Fed. R. Civ. P. 42(b).

3

Respectfully Submitted,

**BERRIGAN, LITCHFIELD, LLC**

*/s/Michael J. Marsiglia*
**E. JOHN LITCHFIELD, T.A. (#8622)**
**CAREY B. DASTE (#28330)**
**MICHAEL J. MARSIGLIA (#30271)**
201 St. Charles Avenue, Suite 4204
New Orleans, Louisiana  70170
Telephone:  (504)  568-0541
Fax:  (504) 561-8655
jlitchfield@berriganlaw.net
cdaste@berriganlaw.net
Mmarsiglia@berriganlaw.net

and

**ARTHUR J. LENTINI (8520)**
ARTHUR J. LENTINI, APLC
6620 Riverside Drive, Suite 312
Metairie, Louisiana  70003
Telephone:  (504)780-8700
Fax:  (504) 780-8770
artlent@hotmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2015, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all listed counsel of record, and that the document is available for viewing and downloading from the ECF system.

*/s/Michael J. Marsiglia*
**MICHAEL J. MARSIGLIA**