UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM S. ABRAMS, II, AND | * | CIVIL ACTION NO. 07-8426 |
| ABRAMS GROUP CONSTRUCTION, LLC | * | |
| | * | |
| v. | * | SECTION "B" (1) |
| | * | |
| INTEGRATED PRO SERVICES, LLC f/k/a, | * | |
| PRO TREE SERVICES AND DEMOLITION, | * | MAGISTRATE: 1 |
| LLC, RYAN L. HESS, JOHN HESS, AND | * | |
| GARY L. HESS | * | |

-----------------------------------------------------------------

## GARY L. HESS'S
## MOTION TO DECLINE SEVERANCE OF CLAIMS

**NOW INTO COURT**, through undersigned counsel, comes Gary L. Hess who files this Motion to Decline Severance of Claims. The instant motion is submitted pursuant to this Court's order directing the parties to "*fully* brief…[w]hether severance, pursuant to Fed. R. Civ. P. 42(b), is appropriate in this matter as applied to the claims asserted against defendant and bankruptcy debtor, Ryan L. Hess, and his interest in Integrated Pro Services, LLC." (Rec. Doc. 114, emphasis in original.)

Pursuant to Federal Rules of Civil Procedure 21 and 42(b), respectively, a district court may order "severance" of claims or issues and/or may order "separate trials" on separate claims or issues within a case. However, severance of the claims made against Ryan L. Hess from the claims asserted against (and by) the remaining defendants in this litigation would prejudice the

{N1070606 - 2}

parties, lead to in judicial inefficiency, and result in manifest injustice. Therefore, Gary Hess submits that severance, or separate trials, is improper under FRCP 21 and 42(b).

Federal Rule of Civil Procedure 21 permits a district court to sever claims or issues within a case. When deciding whether to sever claims, courts apply several jurisprudential, common-sense factors: 1) whether the claims arise out of the same transaction or occurrence; 2) whether the claims present some common questions of law or fact; 3) whether settlement of the claims or judicial economy would be facilitated; 4) whether prejudice would be avoided if severance were granted; and 5) whether different witnesses and documentary proof are required for the separate claims.

Applying those factors to this case, severance is improper because 1) the claims involving Ryan Hess arise from the same transaction or occurrence as the claims involving his co-defendants; 2) the claims involving Ryan Hess and his co-defendants present common questions of law and fact; 3) severance would disserve settlement of the claims and judicial economy; 4) severance would prejudice the parties; and 5) the claims involving Ryan Hess require the same witnesses and documentary proof as the claims involving the other parties.

Federal Rule of Civil Procedure 42(b) permits the court to order separate trials on separate issues or claims in the interest of convenience, to avoid prejudice, or to expedite and economize the litigation. In this matter, ordering separate trials under FRCP 42(b) would frustrate these interests in virtually the same way that severance pursuant to FRCP 21 would frustrate FRCP 21's severance factors. "Severance" or "separate trials" of the claims involving Ryan L. Hess would needlessly inconvenience the parties, complicate the litigation, increase the burdens of litigation, and result in duplicitous proceedings. Accordingly, this Court should decline to take such action.

**WHEREFORE** and for the reasons more fully set forth in the accompanying Memorandum in Support, Defendant Gary L. Hess prays that this Motion to Decline Severance of Claims be granted.

Respectfully submitted:

 */s/ Timothy S. Madden*
**TIMOTHY S. MADDEN (LA #21733)**
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, LA  70170
Telephone:  (504) 582-3800
Facsimile:  (504) 582-1233
tmadden@kingkrebs.com
*Counsel for Defendant, Gary L. Hess*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

 */s/ Timothy S. Madden*
Timothy S. Madden