UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM S. ABRAMS, II, AND | * | CIVIL ACTION NO. 07-8426 |
| ABRAMS GROUP CONSTRUCTION, LLC | * | |
| | * | |
| v. | * | SECTION "B" (1) |
| | * | |
| INTEGRATED PRO SERVICES, LLC f/k/a, | * | |
| PRO TREE SERVICES AND DEMOLITION, | * | MAGISTRATE: 1 |
| LLC, RYAN L. HESS, JOHN HESS, AND | * | |
| GARY L. HESS | * | |

-----------------------------------------------------------------

## GARY L. HESS'S
## MEMORANDUM IN SUPPORT OF
## MOTION TO DECLINE SEVERANCE OF CLAIMS

**NOW INTO COURT**, through undersigned counsel, comes Defendant Gary L. Hess, who submits this memorandum in support of his Motion to Decline Severance of Claims and in response to this Court's Order, dated September 14, 2015. For the reasons set forth below, severance of the plaintiffs', Abrams Group Construction, LLC (the "Abrams Group") and William S. Abrams, II ("Abrams," and, collectively with the Abrams Group, "Plaintiffs"), claims asserted by and against Ryan L. Hess from the remaining claims in this litigation would result in prejudice to the parties, judicial inefficiency and manifest injustice. Accordingly, this Court should decline to sever and/or order a separate trial of the claims asserted by and/or against Ryan L. Hess.

{N1075327 -}

I.  **Procedural History and Factual Background**

Plaintiffs instituted this lawsuit in November of 2007 against Integrated Pro Services, LLC f/k/a Pro Tree Services and Demolition, LLC ("Integrated") and three of the members of Integrated: Ryan Hess, John Hess and movant, Gary Hess ("Movant"). (*See* Complaint, ¶¶ 1-6 and 12, 19, Integrated, Ryan Hess, John Hess and Gary Hess are sometimes, collectively referred to as "Defendants.") The substantive allegations of Plaintiffs' Complaint are contained in four (4) paragraphs – ¶21 through ¶24. Each of these allegations is made globally, against each of the four Defendants, without any delineation of purported wrongdoing by any particular Defendant. (*See* Complaint, ¶¶21-24.[1])

Plaintiffs' global allegations against Defendants include claims for misrepresentation, breach of fiduciary duties, breach of contract and breach of the duty of good faith and fair dealing. However, the Complaint is devoid of any allegations specific to Movant, or any of the other Defendants. Defendants answered the Complaint and asserted several compulsory counterclaims against Plaintiffs, including claims for bad faith and self dealing, breach of contract and wrongful possession of property owned by Integrated.

This Court ultimately continued the trial of this matter based on counsel for the Parties' preference to submit certain disputes to a court-appointed expert. (Rec. Doc. 84.) Following Plaintiffs' motion to re-open this proceeding late last year, this Court convened a status conference and ordered all parties to retain counsel and to file a status report by March 13, 2015. (*See* Rec. Doc. 105.) The parties did submit their joint status report on March 13, 2015. However, one day before the report was submitted, on March 12, 2015, defendant Ryan Hess was named as a debtor in an involuntary petition for relief under Chapter 7 of the United States

---

[1]  The Complaint also fails to make any distinction between harm or allegedly sustained by Abrams vs. the Abrams Group. *See* Complaint, ¶¶ 22-24.

Bankruptcy Code. (*See* Rec. Doc. 107 and 109.) Subsequently, all parties have been ordered to brief a single issue to assist the Court in determining whether to reset this matter on the trial docket:

> *Whether severance, pursuant to Federal Rule of Civil Procedure 42(b), is appropriate in this matter as applied to the claims asserted against defendant and bankruptcy debtor, Ryan L. Hess, and his interest in Integrated Pro Services, LLC.*

(Rec. Doc. 114.)

## II.     Law and Argument

The Federal Rules of Civil Procedure establish a distinction between the severance of claims and separate trials. Federal Rule of Civil Procedure 42(b) governs "separate trials." "Severance," on the other hand is governed by Federal Rule of Civil Procedure 21. The United States Fifth Circuit Court of Appeal has stated: "motions for severance and motions for separate trial are distinct and preferably should be treated as such." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298 (5th Cir. 1993). The Fifth Circuit explained, in *McDaniel*:

> The procedure authorized by Rule 42(b) should be distinguished from severance under Rule 21. Separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently. Unfortunately, this distinction, clear enough in theory, is often obscured in practice since at times the courts talk of "separate trial" and "severance" interchangeably.

*McDaniel*, *Id.*, at 311 (fn. 19).

In light of this Court's directive that the parties fully brief the issue, Mr. Gary Hess will analyze the issue of severance under FRCP 21 and 42(b).

### A.     Burden of Proof

"The party seeking severance under Rule 21 or separate trials under Rule 42(b) bears the burden of proving that such action is necessary." *Aspen Technology, Inc. v. Kunt*, 2011 WL

86556 (S.D.Tex. 2011) (citing *Hardesty Builders, Inc. v. Mid–Continent Cas. Co.*, 2010 WL 2787810 (S.D.Tex. 2010); *Baergas v. City of New York*, 2005 WL 2105550 (S.D.N.Y.2005); and *Houston McLane Co. v. Conn. General* 2006 WL 3050812 (S.D.Tex.2006)). Defendants have not moved for severance of the claims asserted by and against Ryan Hess. Therefore, assuming that Plaintiffs seek "severance" of Ryan Hess's claims, Plaintiffs will bear the burden of proving the propriety of severance in this case.

### B.   **FRCP 21 Standards.**

Federal Rule of Civil Procedure 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. *The court may also sever any claim against a party*." (Emphasis added). "Under Rule 21, a district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Aspen Technology*, *Id.*, *supra*, at \*2 (citing *Applewhite v. Reichhold Chems.*, 67 F.3d 571, 574 (5th Cir.1995)) (internal quotation marks omitted).

While it is well recognized that district courts have broad discretion to sever claims when prejudice or delay may result, the United States Fifth Circuit and its district courts routinely defer to the United States Supreme Court's view that "the impulse [under the Federal Rules of Civil Procedure] is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged" when analyzing motions to sever. *Corkern v. Hammond City*, 2012 WL 2597561 at \*2 (E.D.La. 2012) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)); *see also*, *Amie v. City of Jennings, La.*, 2005 WL 3007009 (W.D.La. 2005), *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516 (5th Cir. 2010), *Porter v. Milliken & Michaels, Inc.*, 2000 WL 1059849 (E.D.La. 2000).

In that regard, the courts have identified five (5) factors to analyze when addressing severance under FRCP 21:

> (1) whether the claims arise out of the same transaction or occurrence;
>
> (2) whether the claims present some common questions of law or fact;
>
> (3) whether settlement of the claims or judicial economy would be facilitated;
>
> (4) whether prejudice would be avoided if severance were granted; and
>
> (5) whether different witnesses and documentary proof are required for the separate claims.

*See*, *Aspen Technology*, *Id.*, *supra*, at *2; *E. Cornell Malone Corp. v. Sisters of the Holy Family, et al.*, 922 F.Supp.2d 550 (E.D.La. 2013); and *Amie v. City of Jennings, La.*, 2005 WL 3007009, *2 (W.D.La. 2005).

Application of these "*Aspen Technology*" factors and the established jurisprudence to the case *sub judice* weighs against severance.

### 1) The Claims Involving Ryan L. Hess Arise Out of the Same Transaction or Occurrence as the Claims Involving the Other Parties.

The first *Aspen Technology* factor requires analysis of whether the claims sought to be severed arise out of the same transaction or occurrence as the claims against the remaining parties. In this case, all the claims included in Plaintiffs' Complaint are asserted collectively against all four Defendants. No distinction whatsoever is made between claims against Ryan Hess as opposed to claims against Movant, John Hess or Integrated. As discussed above, each of Plaintiffs' allegations are asserted globally against all Defendants.

In this case, there can be no question that the claims directed against Ryan Hess arise out of the same transaction or occurrence (or, at the very least, around a closely related series of transactions or occurrences) as those asserted against the other Defendants. In fact, a cursory reading of the pleadings establishes that all claims at issue in this matter claims are centered around Abrams's ownership of, and subsequent withdrawal from, Integrated. Furthermore, a central transaction or occurrence giving rise to the claims at issue in this case is the "operating agreement" entered into among the members of Integrated. (*See* Rec. Doc. 6.) *See Xavier v. Belfor Group USA, Inc.*, 2008 WL 4862549 at *3 (E.D.La. 2008) (The *Xavier* court held that master service agreement served as the "transaction or occurrence" giving rise to the parties' claims in that matter.)

Abrams complains that Defendants owe him sums of money as salary, return of capital contributions, and dividends (*See* Rec. Doc. 1, Complaint, ¶21); and that Defendants "wrongfully induced Abrams…to invest time, capital, expertise and contacts into Integrated with no intention of ever compensating Abrams…" (*Id.*, ¶ 22.) Based on these collective, alleged acts of Defendants, Plaintiffs contend that "***defendants*** have breached their duties of good faith and fair dealing owed to Abrams and Abrams Group." (*Id.*, 24.)

Similarly, Defendants have collectively asserted claims against Plaintiffs that arise from the operating agreement of Integrated and involve breach of duties arising under Louisiana tort and contract law. (*See*, Rec. Doc. 6.) Defendants' claims include "accord and satisfaction of some or all of the obligations claimed owed to Plaintiffs in their complaint," "failure of consideration…because Plaintiffs failed to fulfill their obligations owed to [Integrated]," "fraud and breach of fiduciary duty…because William Abrams misappropriated funds owed to Defendants," damages caused by Abrams "bad faith and self-dealing," failing to return capital

equipment to Integrated, and Abrams' obligation to pay its tax liability to Integrated. (Rec. Doc. 18-3 and Rec. Doc. 80.) Defendants subsequently amended their counterclaim to assert claims involving spoliation of evidence and intentional interference with a contractual relationship for debris removal that was to be awarded to Defendants in 2007 (when Abrams left Integrated). (Rec. Doc. 80.)

A logical and straightforward reading of the parties' pleadings unequivocally establishes that the parties' claims (including those involving Ryan L. Hess) arise out of the same transaction or occurrence or series of transactions or occurrences – that is, the Integrated operating agreement and the business relationship between the named parties. This factor weighs against severance. *See e.g.*, *Xavier v. Belfor Group USA, Inc.*, *Id.*, *supra*, at *3 (The *Xavier* court declined severance, in part, because: "[A]ll the claims arise out of the same transaction or occurrence…").

### 2) All Claims in this Matter Involve Common Questions of Law and Fact.

The second *Aspen Technology* factor requires analysis of whether the claim sought to be severed involves "common questions of law and fact" to those at issue in the remaining claims. Without question, Plaintiffs' global claims asserted against Integrated, Movant, John Hess, and Ryan Hess present common questions of both law and fact with respect to each of the Defendants. All of Plaintiffs' claims are asserted against *all* of the Defendants. Simply by virtue of the manner in which they were pled in the Complaint, these claims will involve common questions of law and fact. Likewise, Defendants, as a group, advanced global claims against the Plaintiffs. Therefore, the counterclaims advanced by or on behalf of Ryan Hess against Plaintiffs necessarily involve the same questions of law and fact as those asserted by or on behalf of Integrated, John Hess and Gary Hess.

It is important to note that the standard to be applied when determining whether or not common questions of law or fact do exist is: "whether '*any* question of law or fact' is common to all [Plaintiffs], not whether *all* questions are identical." *Corkern v. Hammond City*, 2012 WL 2597561, at *3. Due to the fact that Plaintiffs asserted global claims against all of the Defendants (just as Defendants asserted global counterclaims against Plaintiffs), these claims will necessarily involve common questions of law and/or fact. Accordingly, his factor weighs heavily against severance.

### 3) Severance Would Not Promote Judicial Economy or Settlement.

The third *Aspen Technology* factor requires determining whether severance would promote or impair judicial economy, as well as the parties' ability to settle. Severance, in this case, would promote neither judicial economy nor settlement.

As discussed above, Plaintiffs asserted the same claims against each of the Defendants. If the Ryan Hess claims are severed and separate trials are ordered, the same claims will be tried twice. "[T]he same witnesses will be required to testify at each of the trials. Separate trials would cause undue delay, additional expenses to the parties, and repetition of testimony." *Amie v. City of Jennings, La.*, 2005 WL 3007009, *2 (W.D.La. 2005). "[A] party is not entitled to a severance when it would prolong the ultimate termination of an action, add to the cost of resolving the lawsuit, create duplicitous litigation or increase the likelihood of inconsistent verdicts." *El Aguila Food Products, Inc. v. Gruma Corp.*, 167 F.Supp. 2d 955, 960 (S.D.Tex. 2001), *see also*, *German by German v. Federal Home Loan Mortgage Corp.*, 896 F.Supp. 1385, 1400 (D.C.N.Y.1995).

The court, in *Federal Life Ins. Co. (Mutual) v. First Financial Group of Texas*, examined a motion to sever in the context of claims similarly situated to those at issue in this matter. 3

B.R. 375 (S.D.Tex. 1980).  The plaintiff, in *Federal Life Ins.*, sued a corporate defendant and two individual defendants for misrepresentation and other claims.  After the corporate defendant filed for bankruptcy under Chapter 11, the plaintiff moved to sever the claims against the individual defendants.  *Id*., 3 B.R. at 375.  The *Federal Life Ins.* refused to order separate trials under FRCP 42(b) or to sever under FRCP 21.

First, the *Federal Life Ins.* court determined that "separate trials" under FRCP 42(b) was inapplicable since an order for "the separate trial of an issue or claim requires that it be 'so distinct and separable from the others that a trial of it alone may be had without injustice."  The court continued:  "Plaintiff's sole basis for urging its motion is to avoid any delay or prejudice resulting from the automatic stay.  What Plaintiff seeks is a severance under Rule 21."  *Id*., 3 B.R. at 376.  The court determined that severance under FRCP 21 was inappropriate because:

> The gravamen of Plaintiff's complaint is that First Financial, through its agent, [ ] secured monies from Plaintiff by fraud and misrepresentation. In the opinion of the Court, Plaintiff's allegations against First Financial and [the individual defendants] are ***inextricably interwoven, presenting common questions of law and fact, which can be resolved in one proceeding***. For the court to order a ***severance of the individual Defendants would not be conducive to judicial economy and would unduly hinder the efforts of the Bankruptcy Court***. The Court is of the opinion that any resulting delay or prejudice to Plaintiff is outweighed by the considerations outlined.

*Federal Life Ins.* at 376 (emphasis added).

Just as in *Federal Life Ins.*, the claims asserted by Plaintiffs in this matter against Defendants in a global fashion are inextricably interwoven and present common questions of law and fact.  For the same reasons, Defendants claims against Plaintiffs are likewise inextricably interwoven and present common questions of law and fact.  Severance of the claims asserted by

and against Ryan Hess in this matter would not be conducive to judicial economy and would, just as in *Federal Life Ins.*, unduly hinder the efforts of the bankruptcy court.

Gary Hess further submits that severance would hinder, rather than facilitate, a settlement of this litigation. If the parties were to proceed without Ryan Hess, any settlement would likely only be partial (i.e., between Plaintiffs and the "non-severed" Defendants only). These factors weigh against severance.

### 4) Severance Will Cause Prejudice.

For many of the reasons discussed with respect to judicial economy in the preceding section, severance of the claims asserted by and against Ryan Hess would result in prejudice to Gary Hess. Severance in this case would result in duplicitous litigation vis-à-vis Plaintiffs and the non-severed Defendants, and vis-à-vis Plaintiffs and Ryan Hess. Besides the increased expense associated with multiple trials, duplicitous litigation substantially increases the likelihood of inconsistent verdicts. Inconsistent verdicts from juries passing on the same issues involving the same factual and legal elements are an "intolerably anomalous result." *See*, *Aspen Technology, Id.*, *supra*, at *2; and *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993).

It is further submitted that severance would likely lead to prejudice due to Ryan Hess's status as a key witness and participant in the facts and events that gave rise to the claims and counterclaims at issue in this proceeding. If severance is ordered, Gary Hess (like the other non-severed Defendants) will be prejudiced if he is not able to summon Ryan Hess as a witness to testify at trial or to participate in discovery in light of the bankruptcy court's automatic stay order. This factor also weighs against severance.

### 5) All Claims Require the Same Witnesses and Documentary Proof.

The final *Aspen Technology* factor requires that the Court determine whether the severed and non-severed claims will require the same witnesses and documentary evidence. Courts are reluctant to sever claims that will require the use of the same witness and/or documentary evidence. *See e.g.*, *Xavier v. Belfor Group USA, Inc.*, *Id.*, *supra* (Court rejected motion to sever in part because claims required the same witnesses and documentary evidence.).

The claims involving Ryan Hess will undoubtedly require the same witnesses and documentary evidence as the claims involving the remaining Defendants. In fact, all claims and counterclaims at issue in this matter center around precisely the same witnesses and documents that are needed to demonstrate the formation of the business relationship among the parties with respect to Integrated and the series of transactions and occurrences that resulted, the actions surrounding the complained-of events, causation, and extent of damages, etc. The parties will use many of the exact same witnesses (*e.g.* each of the parties and employees of Integrated and the Abrams Group) and documents/records (*e.g.* operating agreements, accounting and business records, deposition testimony, responses to discovery documents, etc.) to establish facts to support their own claims and/or refute their opponent's claims. Thus, all five *Aspen Technology* factors weighs against severance.

### C.    FRCP 42(b) Standards.

Whereas FRCP 21 governs "severance," FRCP 42(b) governs "separate trials." The United States Fifth Circuit and its district courts have routinely held that for separate trials to be proper, "the issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice." *McDaniel v. Aheuser-Busch, Inc.*, 987 F.2d 289, 305 (5th Cir. 1993); *Reid v. General Motors Corp.*, 240 F.R.D. 260, 262 (E.D.Tx. 2007); *Aspen* at *2.

"This limitation on the use of bifurcation is a recognition of the fact that inherent in the Seventh Amendment guarantee of a trial by jury is the general right of a litigant to have one jury pass on a common issue of fact." *Id.* at 305. "[I]f separate juries are allowed to pass on issues involving overlapping legal and factual questions the verdicts rendered by each jury could be inconsistent." *Blue Bird Body Co. Inc.*, 573 F.2d 309, 318 (5th Cir. 1978).  Besides failing to meet the jurisprudential limitations on a motion for separate trials, the claims at issue do not fall within the parameters of FRCP 42(b) itself.  Therefore, an order for separate trials of the instant claims is improper.

### a.  No Distinct and Separable Issues Exist for Separate Trials.

A cursory review of the pleadings demonstrates that the claims involving Ryan Hess are *not* "so distinct and separable from the others that a trial of it alone may be had without injustice." *Reid*, *Id*., 240 F.R.D. at 262.  Rather, quite the opposite is true in this case – the parties' claims all relate to and arise from the business relationship formed between the parties as well as the parties' subsequent actions in furtherance of or relating to the business of Integrated.

As discussed at length above, the Plaintiffs' claims against Defendants are asserted as a collective unit, and the Complaint is devoid of any allegations specific to Ryan Hess alone.  This fact precludes any reasonable argument that the Plaintiffs' claims against Ryan Hess are "so distinct and separable from the others that a trial of it alone may be had without injustice." Because the claims asserted by and against Ryan Hess are not "so distinct and separable" from the claims involving the remaining Defendants, an order for separate trials under FRCP 42(b) is not appropriate in this case.

### b. The Seventh Amendment Prohibits Separate Juries From Re-examining the Same Factual Issues.

The claims involving Ryan Hess involve questions of fact and law that are common to the claims involving the other Defendants. Examples of these common questions include, but are not limited to: the circumstances of Abrams membership in, and departure from, Integrated; valuation of Abrams's share in Integrated; whether any of the parties breached their fiduciary duties vis-à-vis each other and/or Integrated; the scope of the parties' rights and obligations under their operating agreement; whether Plaintiffs are in possession of equipment and vehicles that belong to Integrated; the extent of damages sustained, if any, by the parties. If separate trials are ordered under FRCP 42(b) the exact same issues of fact and law will be tried to two separate juries – first between Plaintiffs and the non-severed Defendants, and then between Plaintiffs and Ryan Hess – in derogation of the Seventh Amendment.

In the *Aspen Technology* case discussed above, the plaintiff moved not only for severance under FRCP 21, but also under FRCP 42(b). The *Aspen Technology* plaintiff sought damages against a former employee and a competitor for breach of the employment contract's confidentiality and non-compete clauses, as well as misappropriation of trade secrets. The court the plaintiff's motion to sever under both FRCP 21 and 42(b).

With respect to the motion for separate trials under FRCP 42(b), the Court held that separate trials were not appropriate because "common questions of fact exist" and that those common factual questions "underlie all of the causes of action." *Aspen Technology*, 2001 WL 86556, *7. As a result, the *Aspen Technology* court declined to order separate trials because presentation of the same factual issues to two separate juries would violate the Defendants Seventh Amendment rights. *Aspen Technology*, *Id*., at *7. Separate trials in the instant case, just as in *Aspen Technology*, would violate Defendants' Seventh Amendment rights.

### c. Separate Trials May Produce Inconsistent Verdicts.

In addition to the concerns discussed above, courts interpreting FRCP 42(b) have recognized an additional, pragmatic consideration. Namely, "if two juries were allowed to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results." *Aspen Technology*, *Id.*, *supra*, at *2 (citing *McDaniel*, *Id.*, *supra*, 987 F.2d at 305 and *Blue Bird*, *Id.*, *supra*, 573 F.2d at 318) (internal quotation marks omitted); *see also*, *Cashman v. Montefiore Med. Ctr.*, 191 B.R. 558, 563 (S.D.N.Y.1996) and *Foremost Guaranty Corp. v. Public Equities Corp.*, 1988 WL 125667 at *6 (S.D.N.Y. 1988) (no severance where there is a risk of inconsistent results). Here, separate trials would frustrate this "pragmatic" consideration because a jury hearing only the claims involving Integrated, Gary L. Hess, and John Hess may render a verdict that conflicts with a verdict rendered by a jury considering claims involving Ryan L. Hess. For example – a jury considering only the claims involving Integrated, Gary L. Hess, and John Hess may find these defendants not liable to Abrams; whereas, a jury considering the claims involving Ryan L. Hess may impose liability upon these defendants. The possibility of such an anomalous result weighs against ordering separate trials.

Turning now to the considerations found within FRCP 42(b) itself, Gary Hess submits that ordering separate trials would cause inconvenience to the Court and parties, prejudice the parties, and will neither expedite nor economize the litigation.

### d. Rule 42(b)'s Textual Considerations

FRCP 42(b) provides in pertinent part: "For convenience, to avoid prejudice, or to expedite and economize, the court may order separate trial of one or mare separate issues, claims, crossclaims, counterclaims, or third party claims." For many of the very same reasons

that the *Aspen* factors weigh against severance under FRCP 21, each of the policy considerations enumerated within the text of FRCP 42(b) weighs against this Court ordering separate trials.

### 1. Declining Severance is More Convenient.

Convenience is best served by resolution of all claims asserted in this matter through a single proceeding, rather than piecemeal litigation. All parties will benefit from the presentation of their claims and defenses to a single fact-finder for adjudication, which serves to avoid duplicitous discovery, decrease court costs, and to conserve the Court's (and the parties') time and resources.

### 2. Separate Trials Will Cause Prejudice to the Parties.

As stated above with respect to severance under FRCP 21, severance would prejudice to the parties for several reasons. First, duplicitous litigation increases the likelihood of inconsistent verdicts. Second, if separate trials are ordered, the non-severed Defendants may be summoned to serve as witnesses and/or provide duplicitous discovery in plaintiffs' separate trial against Ryan Hess. Third, the non-severed Defendants may not be able to obtain records and/or testimony from Ryan Hess while this matter proceeds to trial due to bankruptcy court's automatic stay. Accordingly, the likelihood of prejudice to Movant weighs against allowing separate trials.

### 3. Declining Severance Will Expedite and Economize this Litigation.

Separate trials will not expedite this litigation, but will do just the opposite. Interpreting and applying FRCP 42(b), the court in *Cashman v. Montefiore Med. Ctr.*, stated, "[s]everance is inappropriate where the claims to be severed arise out of the same transaction or series of transactions as those remaining in the main action, *because it would then create duplicative*

*litigation.*" 191 B.R. 558, 562 (S.D.N.Y.1996)*, see also Levine v. Federal Deposit Ins. Corp.*, 136 F.R.D. 544, 550 (D.Conn. 1991)).

Similarly, an order for separate trials in this case is inappropriate, and will not promote economization of this litigation, because the claims and issues to be separated (*i.e.*, those involving Ryan Hess) arise out of the same transaction or series of transactions as the claims involving the remaining Defendants. Moreover, all parties will use the same evidence to prove their claims and establish their defenses. A separate trial on the claims involving Ryan Hess will result in a second, entirely separate proceeding where the parties will use similar (if not the exact same) evidence to litigate their claims. On the other hand, a single trial will economize the litigation because it will produce a final resolution of the parties' claims while minimizing wastefulness and utilizing the parties' and the judiciary's resources efficiently.

## CONCLUSION

For all of the foregoing reasons, Gary L. Hess respectfully submits that this Court should decline to "sever" and/or order "separate trials" in this case. Simply put, the claims against Ryan L. Hess are inextricably interwoven with the claims and defenses of the other Defendants. As such, the only fair result is to require all litigants in this matter to prosecute and defend their claims collectively. "Severance" or "separate trials" of the claims involving Ryan L. Hess would needlessly inconvenience the parties, complicate the litigation, increase the burdens of litigation, result in duplicitous proceedings and manifest injustice.

Respectfully submitted:

  /s/ Timothy S. Madden
**TIMOTHY S. MADDEN (LA #21733)**
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, LA  70170
Telephone:  (504) 582-3800
Facsimile:  (504) 582-1233
tmadden@kingkrebs.com
bgonsoulin@kingkrebs.com

*Counsel for Defendant, Gary L. Hess*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

  /s/ Timothy S. Madden
Timothy S. Madden