UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM S. ABRAMS, II, AND<br>ABRAMS GROUP CONSTRUCTION, LLC | * * * | CIVIL ACTION NO. 07-8426 |
| v. | * * | SECTION "B" (1) |
| INTEGRATED PRO SERVICES, LLC f/k/a,<br>PRO TREE SERVICES AND DEMOLITION,<br>LLC, RYAN L. HESS, JOHN HESS, AND<br>GARY L. HESS | * * * * | MAGISTRATE: 1 |

-----------------------------------------------------------------

### GARY L. HESS'S
### MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
### MOTION TO SEVER CLAIMS AGAINST RYAN L. HESS

**NOW INTO COURT**, through undersigned counsel, comes defendant Gary L. Hess, who submits this memorandum in opposition to Abrams Group Construction, LLC (the "Abrams Group") and William S. Abrams, II ("Abrams," and, collectively with the Abrams Group, "Plaintiffs") Motion to Sever Claims Against Ryan L. Hess Pursuant to Fed. R. Civ. P. 42(B). (Rec. Doc. 115). This Court should deny Plaintiffs' motion because Plaintiffs failed to carry their burden of proving that either "severance" or "separate trials" is proper.

In opposition to Plaintiffs' motion to sever, Gary Hess adopts and incorporates herein by reference the authorities and arguments advanced in his Motion to Decline Severance of Claims and supporting memorandum, which was filed on the same date as Plaintiffs' instant motion.

(Rec. Doc. 116). Further, Gary Hess submits this brief memorandum to address the misstatements of the law contained in Plaintiffs' motion.

## INTRODUCTION

In its order dated September 14, 2015, this Court instructed the litigants to "*fully* brief…in an appropriate motion…and in an opposition response(s)…[w]hether severance, pursuant to Fed. R. Civ. P. 42(b), is appropriate in this matter as applied to the claims asserted against defendant and bankruptcy debtor, Ryan L. Hess, and his interest in Integrated Pro Services, LLC." (Rec. Doc. 114, emphasis in original). Because the terms of this Court's order encompass concepts under both FRCP 21—which governs "severance"—and FRCP42(b)—which is applicable to "separate trials"—Gary Hess opposes Plaintiffs' motion on both grounds.

## LAW AND ARGUMENT

1.) **Burden of Proof.**

"The party seeking severance under Rule 21 or separate trials under Rule 42(b) bears the burden of proving that such action is necessary." *See*, *Aspen Technology, Inc. v. Kunt*, 2011 WL 86556 at *3 (S.D.Tex. 2011). As the party seeking severance in this case, Plaintiffs bear the burden of proving that such an order is necessary.

In this case, Plaintiffs have failed to satisfy their burden of proving that severance of the claims asserted by and against Ryan L. Hess is necessary. Rather, Plaintiffs' motion is premised on nothing more than the conclusory statements that "to delay the prosecution of [Plaintiffs'] claims any further would cause significant undue prejudice" and "[a] complete stay of these proceedings will cause significant undue prejudice against Abrams." (*See*, Rec. Doc. 115-1, p. 3.) Plaintiffs's motion is devoid of any argument, let alone evidence, to support this conclusion.

These conclusory statements are insufficient to satisfy Plaintiffs' burden of proof because they fail to show that severance or separate trials is proper under either FRCP 21 or FRCP 42(b).

**2.) <u>FRCP 21</u>.**

Federal Rule of Civil Procedure 21 provides: "Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party." Federal courts utilize five (5) factors to analyze whether severance is necessary:

> (1) whether the claims arise out of the same transaction or occurrence;
>
> (2) whether the claims present some common questions of law or fact;
>
> (3) whether settlement of the claims or judicial economy would be facilitated;
>
> (4) whether prejudice would be avoided if severance were granted; and
>
> (5) whether different witnesses and documentary proof are required for the separate claims.

*See*, *Aspen Technology* at *2 (and cases cited therein).  Plaintiffs' motion fails to address any of the *Aspen Technology* factors.  In fact and for the reasons stated in Gary Hess's Memorandum in Support of Motion to Decline Severance of Claims," application of the *Aspen Technology* factors to the facts of this case establishes that severance is improper.  (*See*, Rec. Doc. 116 § II(B), pp. 4-11.)

The pleadings filed in this matter unequivocally establish that: (1) the claims involving Ryan L. Hess arise out of the same transaction or occurrence as those involving his co-defendants; (2) the claims involving all of the defendants present common questions of law or fact; (3) declining severance facilitates judicial economy and avoid duplicitous litigation; (4)

declining severance avoids prejudice by conserving the parties' and this Court's time, energy, and resources and avoids inconsistent verdicts; and (5) the claims involving Ryan L. Hess implicate virtually the exact same witnesses and documentary proof as the claims involving his co-defendants. This Court should deny Plaintiffs' motion since all five *Aspen Technology* factors weigh against severance.[1]

    3.) **FRCP 42(b).**

Federal Rule of Civil Procedure 42(b) provides in part: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." As discussed in Gary Hess's memorandum in support of Motion to Decline Severance of Claims, separate trials are improper in this case under FRCP 42 for many of the same reasons that severance is improper under FRCP 21. (*See*, Rec. Doc. 116 § II(C), p. 11-16.).

It is readily evident from the pleadings filed in this matter that the claims involving Ryan Hess are *not* "so distinct and separable" from the claims involving his co-defendants so as to warrant separate trials. (*See*, Rec. Doc. 116 § II(C)(a), p. 12; and *McDaniel v. Aheuser-Busch, Inc.*, 987 F.2d 289, 305 (5th Cir. 1993).) Plaintiffs' asserted all claims in a global manner against all defendants. Accordingly, there is simply no basis for separate trials in this case.

Furthermore, the claims involving Ryan L. Hess present questions of fact common to the claims involving his co-defendants. An order for separate trials in this case could lead to

---

[1]     *See*, *See Xavier v. Belfor Group USA, Inc.*, 2008 WL 4862549 at *3 (E.D.La. 2008) (**Factors 1 and 5** – Court declined severance, in part, because: "[A]ll the claims arise out of the same transaction or occurrence…" and because the claims required the same witnesses and documentary evidence); *Corkern v. Hammond City*, 2012 WL 2597561 at *3 (E.D.La. 2012) (**Factor 2** – Applicable standard is: "whether '*any*' question of law or fact' is common to all [Plaintiffs], not whether *all* questions are identical."); *El Aguila Food Products, Inc. v. Gruma Corp.*, 167 F.Supp. 2d 955, 960 (S.D.Tex. 2001) (**Factor 3** – "[A] party is not entitled to a severance when it would prolong the ultimate termination of an action, add to the cost of resolving the lawsuit, create duplicitous litigation or increase the likelihood of inconsistent verdicts."); and *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993) (**Factor 4** – Inconsistent verdicts from juries passing on the same issues involving the same factual and legal elements are an "intolerably anomalous result.").

inconsistent verdicts, which is an "intolerably anomalous result." (*See*, Rec. Doc. 116 § II(C)(c), p. 14; *Aspen Technology*, *supra*, at *2.) Submission of those questions to a more than one jury implicates the Seventh Amendment. (*See*, Rec. Doc. 116 § II(C)(b), p. 13; *McDaniel* at 305.)

Rather than alleviate potential prejudice, separate trials would actually cause prejudice to Gary Hess and his co-defendants because of the possibility of inconsistent verdicts, and the fact that the defendants may be unable to obtain necessary records and testimony from Ryan Hess during the pendency of his bankruptcy proceeding. Severance or separate trials would also increase the burden upon all parties as they would likely have to participate in two separate trials.

Gary Hess further submits that Plaintiffs' assertion that "a complete stay of these proceedings will cause undue prejudice against Abrams" fails to take into account other remedies that are available to Plaintiffs. For example, Plaintiffs could seek leave of the bankruptcy court for relief from the stay in order to liquidate their claims against Ryan Hess in this proceeding. Relief from the stay could potentially allow all claims against all of the defendants to proceed in this forum, and likely would alleviate of the prejudice to defendants that would result from the improper severance requested by Plaintiffs. Plaintiffs' failure to take such action and/or to demonstrate that severance or separate trials is their only available remedy, further precludes them from carrying their burden of proving that declining to sever the claims asserted by and against Ryan Hess in this case will result in prejudice to the Plaintiffs.

Besides the fact that the claims asserted by and against Ryan Hess are not "so distinct and separable" from the remaining claims as to warrant separate trials under FRCP 42(b), separate trials would result in prejudice to Gary Hess and his co-defendants, frustrate the policies of convenience and judicial economy underpinning FRCP 42(b). (*See*, Rec. Doc. 116 § II(C)(d)(1)-(3), pp. 14-16.) Therefore, Plaintiffs' motion for severance or separate trials should be denied.

## CONCLUSION

For all of the foregoing reasons, as well as those stated in his Motion to Decline Severance of Claims and accompanying memorandum in support, Gary L. Hess respectfully requests that this Court deny Plaintiffs' "Motion to Sever Claims Against Ryan L. Hess Pursuant to Fed. R. Civ. P. 42(B)."

Respectfully submitted:

 /s/ Timothy S. Madden
**TIMOTHY S. MADDEN (LA #21733)**
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, LA  70170
Telephone:  (504) 582-3800
Facsimile:  (504) 582-1233
tmadden@kingkrebs.com
*Counsel for Defendant, Gary L. Hess*

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

 /s/ Timothy S. Madden
Timothy S. Madden