**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**WILLIAMS S. ABRAMS, II, ET AL.**            **CIVIL ACTION**

**VERSUS**                                    **NO. 07-8426**

**INTEGRATED PRO SERVICES, LLC, ET AL.**      **SECTION "B"(1)**

<u>**ORDER AND REASONS**</u>

Before the Court are two motions regarding potential severance of the bankruptcy debtor, Ryan Hess, from the instant litigation. The Motions were filed in response to this Court's prior order requiring the parties to fully brief the severance issue. (Rec. Doc. No. 114). Plaintiffs, William S. Abrams ("Abrams") and Abrams Construction Group, LLC ("Abrams Group"), filed a Motion to Sever Claims against Ryan Hess pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. (Rec. Doc. No. 115). Defendant Gary Hess filed a Motion to Decline Severance, which, functionally-speaking, is a motion seeking extension of the automatic bankruptcy stay to all co-defendants. (Rec. Doc. No. 116). Both parties filed oppositions to the other's Motion. (Rec. Doc. Nos. 118, 119). Defendant Integrated Pro Services, LLC f/k/a Pro Tree Services and Demolition, LLC (hereinafter "IPS") also filed a brief that adopts and incorporates by reference the

arguments set forth in Gary Hess's Motion. (Rec. Doc. No. 117).[1]
For the reasons set forth below,

IT IS ORDERED that the Plaintiffs' Motion to Sever Claims is
DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Decline
Severance is GRANTED.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of changes in membership of Defendant
IPS. The initial complaint was filed over eight years ago. In the
fall of 2005, Abrams became a member of IPS along with Gary and
Ryan Hess, each owning one-third of the entity. Abrams voluntarily
left IPS at some point in 2007—the parties disagree as to whether
it was before or after John Hess became a member in June of 2007.
Abrams alleges that he "has not been compensated by Integrated in
the form of salary, return of capital contribution, or dividends
despite amicable demand." (Rec. Doc. No. 1 at 4). Further, he
contends that "defendants breached their fiduciary duties and
contractual agreements and obligations owed to Abrams and Abrams
Group, resulting in pecuniary [and non-pecuniary] damages" to both
Plaintiffs. (Rec. Doc. No.1 at 4). Finally, Plaintiffs contend
that defendants "breached their duties of good faith and fair
dealing owed to Abrams and Abrams Group."

---

[1] Even though Defendant John Hess has not filed a brief on this issue, for
simplicity's sake, the Court will refer to Defendant Gary Hess's Motion as
"Defendants' Motion."

In their Amended Answer, Defendants assert a number of affirmative defenses as well as a counterclaim for William Abrams's bad faith and self-dealing while a member of the LLC. (Rec. Doc. No. 25 at 1-4). Thereafter, the Court permitted Defendants to file an amended counterclaim which contained a number of new claims including spoliation of evidence and tortious interference with contracts. (Rec. Doc. No. 80). After a number continuances and extensions, this Court administratively closed the case on January 29, 2010 pending the outcome of the court-appointed expert's valuation of the Defendant business and plaintiffs' claims.

Roughly four years later, the court-appointed expert, Douglas Tymkiew of Ernst & Young, submitted his valuation of Mr. Abrams's claim. (Rec. Doc. No. 102). This Court then denied without prejudice Plaintiff's Motion to Reopen the case, instead ordering a status conference. (Rec. Doc. No. 104). At the status conference, the Court ordered the parties to submit a status report. (Rec. Doc. Nos. 105, 109). The day before the parties submitted their status report, Defendant Ryan Hess ("debtor") was named a debtor in an involuntary bankruptcy petition under Chapter seven of the United States Bankruptcy Code. (Rec. Doc. No. 107). Following the parties' submission of the status report this Court ordered briefing on the issue of severance under Rule 42(b) of the Federal Rules of Civil Procedure. (Rec. Doc. No. 114). The case remains administratively closed.

3

## II.   **THE PARTIES' CONTENTIONS**

Plaintiffs' Motion contends that the automatic stay—currently in place with respect to Ryan Hess pursuant to 11 U.S.C. § 362—does not apply to the non-bankrupt co-defendants and that the Court should not extend it. (Rec. Doc. No.115-1 at 3). Furthermore, Plaintiffs submit that extending the stay and failing to sever the claim against Ryan Hess would cause "significant undue prejudice" because "Mr. Abrams has expelled significant time and resources to bring this matter to resolution." (Rec. Doc. No.115-1 at 3). In general, Plaintiffs maintain that the case is ready to be resolved and further delay would prove significantly prejudicial. Alternatively, if the Court chooses not to sever the claim and instead extends the stay to all defendants, Plaintiffs request additional time to move for relief from the automatic stay in the bankruptcy proceeding. (Rec. Doc. No. 119 at 2).

Defendants' Motion advocates against severance on the grounds that the factors under both Rule 21 and Rule 42(b) of the Federal Rules of Civil Procedure militate against it. (Rec Doc. No. 116 at 1-2). More specifically, Defendants assert the claims against Ryan Hess are "inextricably interwoven" with the claims against all other co-defendants, and that severance of the claims against Ryan Hess "would result in prejudice to the parties, judicial inefficiency and manifest injustice." (Rec. Doc. No. 116-1 at 1, 16). Accordingly, Defendants urge the Court to "require all

4

litigants in this matter to prosecute and defend their claims collectively," which is functionally a request for this Court to extend the automatic stay to all Defendants. (Rec. Doc. No. 116-1 at 16).

### III. <u>LAW AND ANALYSIS</u>

As an initial matter, Defendants' Motion correctly points out that the Fifth Circuit draws a distinction between severance under Rule 21 of the Federal Rules of Civil Procedure and separate trials under Rule 42(b). In accordance with this Court's prior order, Plaintiffs style their Motion as one seeking relief under Rule 42(b). However, it appears that the relief Plaintiffs actually seek is severance under Rule 21, as they ask for complete resolution of the case with respect to the non-debtor defendants in order to avoid further delay.[2] (Rec. Doc. No. 115-1 at 3). Accordingly, the Court will address the applicability of both.

#### a. Legal Standard Under Rule 21 and Rule 42(b)

"[S]ome district courts in the Fifth Circuit apply the same considerations to Rule 21 requests for severance and Rule 42(b) requests for separate trials." *Beechgrove Redevelopment, L.L.C. v.*

---

[2] *See McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 n. 19 (5th Cir. 1993) (noting that while "[s]eparate trials will usually result in one judgment, . . . severed claims become entirely independent actions to be tried, and judgment entered thereon, independently.") (quoting 9 Wright & Miller, *Federal Practice and Procedure*: Civil §2387 (1971); *Fed. Life Ins. Co. (Mut.). v First Fin. Group of Tex., Inc.*, 3 B.R. 75, 76 (S.D. Tex. 1980) (noting that Plaintiff's Motion under Rule 42 is actually seeking severance under Rule 21 because "Plaintiff's sole basis for urging its motion is to avoid any delay or prejudice resulting from the automatic stay.").

*Carter & Sons Plumbing, Heating and Air Condition Inc.*, 2009 WL 382713, No. 07-8446, at *5 (E.D. La. Feb. 11, 2009). Courts that instead apply different standards for Rule 42(b) and Rule 21 "both consider prejudice to the parties to be a key factor," but "the application of Rule 42(b) involves primarily the consideration of convenience and fairness, [while] that of Rule 21 also presupposes basic conditions of separability in law and logic." *Id.* (quoting *David V. M & E Food Mart, Inc.*, 1995 WL 55306, No. 93-163, at *1 (E.D. Tex. Jan. 31, 1995)). As the concepts of convenience and fairness fall under the prejudice umbrella and are not inapposite to the concept of separability, this Court finds no need to apply different standards. Therefore, this Court will analyze the facts of this case under the uniform standard to determine whether separate trials or severance would prove appropriate.

### b. Application of the Severance/Separate Trial Standard

District courts have broad discretion to sever issues to be tried before them. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). In deciding whether to sever, courts applying the uniform standard referenced above consider:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the posture of discovery as to the respective claims suggest they should not be tried jointly; (3) whether the claims present common questions of fact or law; (4) whether the claims will require testimony of different witnesses and documentary proof; and (5) the

> prejudice to either party in the event
> separate trials are ordered.

*Beechgrove Redevelopment*, 2009 WL 382713, at *5. "The party seeking severance under Rule 21 or separate trials under Rule 42(b) bears the burden of proving that such action is necessary." *Aspen Tech. Inc. v. Kunt*, 2011 WL 86556, No. 10-1127, at *3 (S.D. Tex. Jan. 10, 2011).

As Plaintiffs' complaint generally alleges the same claims against all defendants based on a single set of facts, all of the first four factors weigh against severance. All claims arise out of a single occurrence; all claims involve the same questions of law and fact; and all claims will require identical discovery and evidence at trial. For instance, Ryan Hess and Gary Hess were both members of IPS throughout the time Plaintiff was a member, putting them in the same legal position in relation to the entity itself and other members. The complaint does not present any distinct facts regarding either party or legal arguments relevant to only one of them. Accordingly, the potential liability of both Ryan and Gary Hess, according to the facts currently before the Court, will rest on the same points of law and the same factual allegations. Moreover, Defendants' counterclaims were brought universally on behalf of all four Defendants against all Plaintiffs.

If the claims by and against Ryan Hess are severed and proceed independently, then a second jury panel would end up deciding the

same issues based on the same facts—a situation ripe for inconsistent jury verdicts. Such an outcome would be unacceptable. *McDaniel*, 987 F.2d at 305 ("[I]f two juries were allowed to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results."). Thus, it would be illogical and unwise to sever the claims without an overwhelmingly just cause. Here, Plaintiffs provide the Court with little reason to depart from the outcome insisted upon by the first four factors.

Plaintiffs' Motion argues that failing to sever the claims against the debtor would prove prejudicial because "Mr. Abrams has expelled significant time and resources to bring this matter to resolution." While it is undoubtedly regrettable that Abrams has not yet had his day in court over eight years after the commencement of this lawsuit, Plaintiff has not demonstrated what hardship he may face going forward if the debtor's claims are not severed. On the other hand, Defendants argue that severance of the debtor's claims would not only lead to undue prejudice but would prove inefficient and inconvenient due to the similarities discussed above.

Defendants argue that the potential of Ryan Hess not being able to testify or participate in discovery prejudices their claims and defenses. (Rec. Doc. No. 116-1 at 10). This is undoubtedly a concern but perhaps not the most significant. An additional concern

for the Court is the potential for Ryan Hess's separate proceeding to be prejudiced on collateral estoppel grounds. As mentioned above, the facts and legal issues appear, based on the complaint, to be identical for Ryan Hess and Gary Hess, if not John Hess as well. If Gary and John Hess are forced to litigate these issues prior to Ryan Hess's automatic stay being lifted, then Ryan Hess may face a situation in which he is estopped from litigating certain issues in his own defense. An impermissible result. *See In re Calpine Corp.*, 354 B.R. 45, 50 (S.D.N.Y. 2006). Thus, as Plaintiffs bear the burden of proof and their Motion is almost entirely devoid of support for their claims of prejudice, all five of the factors militate against severance and separate trials. Consequently, the Court will not sever Ryan Hess's claims under Rule 21 or order separate trials under Rule 42(b). Instead, it appears a stay is more appropriate here.

**c. Staying the Action with Regard to All Defendants**

Section 362 of the Bankruptcy Code provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). "Ordinarily, the automatic stay under § 362 does not apply to actions against a [non-debtor]." *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 722 (S.D. Tex. 2010) (citing *In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007). Section 362 is "rarely . . . a valid basis on which to stay actions against non-debtors." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir.

2001) (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983)). However, "a bankruptcy court may invoke § 362 to stay proceedings against non-bankrupt codefendants where there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *National Oilwell Varco, L.P. v. Mud King Products, Inc.*, 2013 WL 1948766, No. 12-3120, at *2 (S.D. Tex. May 9, 2013) (quoting *Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003)) (internal quotation marks omitted). Nevertheless, the simple "'presence of identical allegations against the debtor and non-debtor defendants [is] an insufficient ground to extend the stay to the [non-debtors].'" *Id.* (quoting *Beran*, 747 F. Supp. 2d at 724).

While the facts of the case do not appear to meet the requirements listed above for an extension of the § 362 automatic stay, "courts may also exercise their discretion to stay a proceeding against non-bankrupt co-defendants 'in the interests of justice and in control of their dockets.'" *Id.* at *3 (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 451, 545 (5th Cir. 1983). In *Federal Life Insurance Company (Mutual) v. First Financial Group of Texas, Inc.*, the United States District Court for the Southern District of Texas found that when the allegations raised against

10

co-defendants are "inextricably interwoven" with claims against the debtor, making severance inappropriate, a court may stay proceedings against the non-debtor co-defendants until the § 362 stay is lifted against the debtor. *First Financial*, 3 B.R. at 376-77 ("[T]he Court is persuaded that the automatic stay applies to judicial proceedings against a debtor in bankruptcy *and its co-defendants*, when, as here, the allegations against them arise from the same factual and legal basis.") (emphasis added). *See also Cashman v. Montefiore Medical Center*, 191 B.R. 558, 561 (S.D.N.Y. 1996) (finding that the only alternatives in this situation are severance or extending the stay). Furthermore, the United States Court of Appeals for the Fifth Circuit confirmed the *First Financial* holding that when severance is not practicable, courts may exercise their discretion to stay proceedings with respect to the non-debtor co-defendants. *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 n.4 (5th Cir. 1987) (noting that the *First Financial* court permissibly stayed the entire case due to a "joinder of parties issue"); *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) (acknowledging that the *First Financial* court permissibly instituted a stay "because the allegations raised against co-defendants who were principals of the debtor were 'inextricably interwoven' with claims against the debtor," making severance inapt). Severance or separate trials are not suitable options heres due to the fact that the claims by and

11

against Ryan Hess are inextricably interwoven with the claims by and against his non-debtor co-defendants. Consequently, an extension of the automatic stay to all co-defendants is the most sensible option in this case.

**IV.   CONCLUSION**

In light of the foregoing,

    **IT IS ORDERED** that the Plaintiffs' Motion to Sever is **DENIED**.

    **IT IS FURTHER ORDERED** that Defendants' Motion to Decline Severance is **GRANTED**, meaning that all claims by and against the non-debtor defendants will be stayed until the bankruptcy court lifts the automatic stay over Defendant Ryan Hess. Of course, Plaintiffs may move the bankruptcy court for relief from the automatic stay. While Plaintiffs request that this Court provide "additional time" to make such a motion, the Court sees no need. If the bankruptcy court chooses to lift the stay, then Plaintiffs may move this Court to lift the stay with respect to the co-defendants.

    New Orleans, Louisiana, this 23rd day of November, 2015.


_____
UNITED STATES DISTRICT JUDGE